# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### at KANSAS CITY

| | |
|---|---|
| AUTIN TWEEDY, )<br>On behalf of himself and )<br>all others similarly situated, )<br>   )<br>   Plaintiffs, )<br>v.   )  Case No.<br>   )<br>THE DRUNKEN FISH, INC., and )<br>SO HOSPITALITY GROUP, INC. )<br>   )<br>   Defendants. ) | |

## PETITION FOR DAMAGES

**COMES NOW** the Plaintiff, Austin Tweedy, by and through his attorneys of record, the undersigned, and hereby sets forth his causes of action against Defendants, The Drunken Fish, Inc. and So Hospitality Group, LLC, pursuant to 29 U.S.C. § 201, *et seq.*, more commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"); more specifically, § 216(b) of the Act, for violations thereof; and for violations of R.S.Mo. § 290.500 *et seq.*, better known as the Missouri Minimum Wage Law (hereinafter, "MMWL"); more specifically, §§ 502 and 505. In support thereof, the Plaintiff asserts and states as follows, on behalf of himself and all others similarly situated:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action on behalf of himself and others similarly situated against Defendant for unpaid wages, and related penalties and damages.

2. Defendants' practices and policies have resulted in Defendants willfully failing to properly pay straight time and overtime due and owing to Plaintiff and others similarly situated in

violation of the Fair Labor Standards Act ("FLSA"), and the Missouri Minimum Wage Law ("MMWL"), 29 U.S.C. § 201, *et seq.*, and R.S.Mo. § 290.500 *et seq.*

3. Defendants' policy and practice is to deny minimum wages and overtime pay to servers working at its restaurants. Defendants' failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

4. Defendant The Drunken Fish, Inc., (hereinafter, "Drunken Fish" or "DFI") is a Missouri corporation. It may be served through its registered agent, Munsok So, at 612 North 2nd Street, Suite 400, Saint Louis, Missouri, 63102.

5. Defendant So Hospitality Group, LLC., (hereinafter "So") is a Missouri limited liability company. It may be served through its registered agent, Munsok So, at 612 North 2nd Street, Suite 400, Saint Louis, Missouri, 63102.

6. Defendant So Hospitality Group owns and or operates numerous restaurants in Missouri, including The Drunken Fish, with locations in the Kansas City and St. Louis areas, as well as in the St. Louis areas, restaurants such as Kimchee Guys, Miss Java Coffee, and 612 North Event Space.

7. Plaintiff was an hourly employee of Defendants from roughly May 6, 2021 to February 6, 2022. Plaintiff previously worked as a server for Defendant's place of business in Kansas City, Missouri. This lawsuit is brought as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA.

8. Defendants have failed to pay wages and overtime to its employees, including Plaintiff and all others similarly situated, by failing to pay them for all of their compensable time in violation of the FLSA and MMWL. Plaintiff, on behalf of himself and all others similarly situated, seeks compensation for unpaid straight time and overtime premiums for all hours worked, required, suffered, or permitted by the Defendants; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and

attorneys' fees, costs, and expenses incurred in this action.

9. Plaintiff and others similarly situated bring this action against DFI and So for unpaid wages, and related penalties and damages.

10. Defendants' practices and policies have resulted in Defendants willfully failing to properly pay straight time and overtime due and owing to Plaintiff and other similarly situated employees in violation of the FLSA and MMWL.

11. Further, Defendants have received the benefits of the work of the Plaintiff and others similarly situated, and failed to compensate them for the reasonable value of these services.

12. Defendants have claimed the tip credit on the Plaintiff and other similarly situated employees, despite not actually paying the putative Plaintiffs the actual tips or giving them adequate required notice. Thus, the Defendants are in violation of the FLSA and its tip credit requirements, and therefore, failed to pay the putative Plaintiffs their due minimum wage and overtime as required by the Act.

13. Defendants have failed to pay wages and overtime to its hourly employees by failing to pay them for all of their compensable time in violation of the FLSA. Plaintiff and others similarly situated seek compensation for unpaid straight time and overtime premiums for all hours worked, required, suffered, or permitted by the Defendants; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## **PARTIES**

14. Named Plaintiff was formerly, but at all times pertinent hereto, an employee of Defendants in Kansas City, Jackson County, Missouri, at 14 East 14th Street. Plaintiff Tweedy worked for Defendants in the position of server. He resides in Blue Springs, Jackson County, Missouri.

15. At all times pertinent hereto, Plaintiff, and all others similarly situated were employed as hourly employees of Defendants. Plaintiff was employed at Defendant's Jackson County, Missouri restaurant.

16. Defendant DFI is a corporation registered to do business in Missouri. Upon information and belief, Defendant operates multiple restaurants in Missouri, and in the Midwest region of the United States.

17. Defendant So is a limited liability corporation, registered to do business in Missouri. Defendant So operates multiple restaurants in Missouri, including but not limited to The Drunken Fish, Kimchi Guys and Miss Java Coffee.

18. At all times relevant to this action, So and DFI owned and/or operated restaurants called The Drunken Fish. Drunken Fish restaurants are upscale restaurants that serve modern Japanese cuisine to their customers.

19. At all relevant times, Defendants were the employer of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

## JURISDICTION AND VENUE

20. This Court, being a State Court of competent jurisdiction, has jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 216 (b).

21. The Western District has personal jurisdiction because the actions pleaded herein occurred in Jackson County, Missouri. Venue is proper in Kansas City, because the causes of action pleaded herein occurred in Jackson County, pursuant to 28 U.S.C. § 1391(b). Moreover, because Defendant has substantial business contacts in Jackson County, Missouri, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

22. In addition, the Court has supplemental jurisdiction pursuant to 28 U.S.C. §

1367 over Plaintiffs' state law class action claims brought under the laws of Missouri, and any other state in which Defendant conducts business and employs hourly employees. This includes, upon information and belief, Illinois and possibly Kansas.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

20. Plaintiff brings Count I, the FLSA claim for servers and/or bartenders, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and of the following class of persons:

"All servers employed by Defendants nationwide, excluding California and Nevada, within three years from the commencement of this action who have not been paid minimum wage for all hours worked and/or have not been properly paid overtime compensation, at one-and-one-half times the minimum wage, for all work performed in excess of forty hours per week."

21. Plaintiff brings his state law claims in Count II under state law (including individual state law subclasses) and Count III (unjust enrichment / quantum meruit) as an opt out class action, as defined below, pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and behalf of others similarly situated, seeks relief on a class basis challenging Defendant's practice of compensating Plaintiff and others similarly situated. The Rule 23 subclasses are defined as follows:

MISSOURI CLASS

"All servers employed by Defendants in the state of Missouri within three years of the filing of this action. Mo. Rev. Stat. 290.500, *et. seq.*; Mo. Code Regs. Ann. Tit. 8, § 30-4.020."

22. The class satisfies the numerosity standards in that the class numbers well into the hundreds. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted in the restaurant.

23. There are questions of fact and law common to the classes that predominate over

any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    a.     Whether all class members were paid based on the "tip credit";

    b.     Whether Defendants were entitled to take a credit against minimum wages for some or all of the hours worked by the class members from class members' tips;

    c.     Whether Defendants provided the proper notice to its employees that it intended to take the tip credit;

    d.     Whether Defendants recorded the amount of time spent performing non-tip producing activities;

    e.     Whether Defendants knew or had reason to know its policies and compensation practices were unlawful, and

    f.     Whether Defendants retained a benefit from such unlawful policies and compensation practices.

24.     The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

25.     Plaintiff's claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiff and were subject to the same or similar unlawful practices as the Plaintiff.

26.     A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their

interests.

27. The Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Plaintiff acting as Class Representative and his undersigned counsel, who have experience in employment and class action lawsuits.

28. The Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Plaintiff acting as Class Representative and his undersigned counsel, who have experience in employment and class action lawsuits.

29. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

30. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

31. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Defendants' FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

32. To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## **COUNT I – FLSA CLAIMS**

33. Plaintiff hereby incorporates by reference all allegations set forth above as if fully asserted herein.

34. Plaintiff brings this claim against Defendants individually, and on behalf of all others similarly situated.

35. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

36. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

37. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because each is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

38. At all relevant times, Defendants have been, and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

39. At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees.

40. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

41. Plaintiff was employed by Defendants. During this time frame, Plaintiff performed

work for Defendants in the position of server.

42. During the statutory period, Plaintiff was paid an hourly wage of $5.15 per hour, and received tips.

43. Prior to and during Plaintiff's employment with Defendants, Defendants employed numerous other servers who had the same job duties and compensation structure as Plaintiff.

44. Plaintiff and all similarly situated employees have substantially similar job requirements and pay provisions, and are subject to Defendants' common policy and practice of refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

45. The FLSA requires employers, such as Defendant, to compensate all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half the minimum wage, for work performed in excess of forty hours in a work week.

46. Plaintiff and all similarly situated employees are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

47. At all relevant times, Defendants had a policy and practice of failing to properly pay minimum wages because Defendants violated the rules for using the tip credit, including that it requires servers to spend more than 20 percent of their time engaged in non-tip-producing activities. Defendants also had a policy of not paying for all overtime hours worked.

48. At all relevant times, Defendants also had a policy and practice of failing to properly pay minimum wages because Defendants had a policy and plan of requiring servers to pool their tips with non-tip earning employees.

49. Defendants' failure to properly compensate Plaintiff and all others similarly situated under the tip credit rules and overtime rules constitutes a violation of the Fair Labor Standard's Act

minimum wage requirements, 29 U.S.C. §§ 201, *et. seq.*

50. Defendants' violation of the FLSA is continual in nature; in that Defendants continue to pay its servers under the same unlawful policies and procedures that are set forth in detail herein.

51. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

53. Upon information and belief, Defendants have failed to properly provide tip credit notice to it employees as required by federal law.

54. As a result of the aforesaid violations of the FLSA's tip credit and overtime pay provisions, proper minimum wage and overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Plaintiff, and all others similarly situated, seek damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for relief as follows:

    a. Issue notice to all similarly situated employees of Defendants informing them of

  their right to file consents to join the FLSA portion of this action;

 b. Designation of Plaintiff Tweedy as Class Representative;

 c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

 d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

 e. Award Plaintiff and all similarly situated employees' attorneys' fees and costs as allowed by Section 216(b) of the FLSA;

 f. Issue a declaration that Defendants have violated state and federal law; and

 g. Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

### COUNT II – VIOLATIONS OF STATE WAGE LAWS
### (820 Ill. Comp. Stat. § 105 *et. seq.* and
### Mo. Rev. Stat. 290.500, *et. seq.*; Mo. Code Regs. Ann. Tit. 8, § 30-4.020)

55. Plaintiff incorporates the foregoing paragraphs as if more fully set forth herein.

56. Plaintiff and the putative class were employed by the Defendants and were paid wages below the minimum wage pursuant to the state laws of Missouri and Illinois.

57. Said work often required Plaintiff and the putative class to work in excess of forty (40) hours per week.

58. Plaintiff and the putative class were not properly compensated for this work at the applicable rate of pay.

59. Plaintiff and the putative class were treated as non-exempt employees by the Defendants.

60. Defendants employ/employed other employees at its restaurants who are/were paid below the minimum wage requirements and were treated as non-exempt employees under the wage

statutes in Missouri. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

61. These "similarly situated" employees were compensated at a tip credit rate, regardless of activity and regardless of the fact they regularly spent more than 20 percent of their time performing non-tip-producing activities.

62. During the pertinent time periods, the proper rate of pay under the pertinent state law exceeded the state's tip credit rate.

> Said work often caused "similarly situated" employees to work in excess of forty(40) hours per week. These "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

63. The state wage laws in Missouri require each covered employer, such as Defendants, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

64. These employees are similarly situated in that they are all subject to Defendants' identical compensation policies and plan that fail to compensate them full minimum wage for time, including the time they spend engaged in non-tip producing activities that exceed 20 percent of their work.

65. These employees are also similarly situated in that they are all subject to Defendants' identical compensation policies and plan that requires them to pool their tips with non-tip earning employees.

66. This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiff because his claims are similar to the claims of the putative class members.

67. The names and addresses of the putative class members are available from

Defendants. The Defendants failed to compensate Plaintiff and the putative class members at the proper rate of pay, and therefore, Defendants have violated, and continues to violate, the State Wage Laws.

68. The Plaintiff, on behalf of himself and all similarly situated employees of Defendants who compose the putative class, seek damages in the amount of all respective unpaid minimum wages and straight time plus overtime compensations at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the state wage laws Missouri.

69. The Plaintiff, on behalf of himself and all similarly situated employees of Defendants who compose the putative class, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

    a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

    b. Designation of Plaintiff Tweedy as Representative Plaintiff, acting for and on behalf of the putative class members;

    c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

    d. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Defendants;

    e. Costs and expenses of this action incurred herein;

f. Reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further relief as this Court deems necessary, just and proper.

### **COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT**

70. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in the foregoing paragraphs of this Petition as though fully set forth herein.

71. Defendants have been and are being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendants have been and is being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

72. Defendants intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

73. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b. Designation of Plaintiff Tweedy as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Defendant;

e. Costs and expenses of this action incurred herein;

f. Reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further relief as this Court deems necessary, just and proper.


## DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby designate Kansas City, Missouri, as the place of trial.

Respectfully submitted,

LAW OFFICE OF PHILLIP M. MURPHY, II

/s/ Phillip M. Murphy II
Phillip M. Murphy II MO. #61467
4717 Grand Ave., Ste. 300
Kansas City, MO 64112
(p) 913-661-2900
(f) 913-312-5841
phillip@phillipmurphylaw.com
**ATTORNEY FOR PLAINTIFFS**


**The Hodgson Law Firm, LLC**

*/s/ Michael Hodgson*
Michael Hodgson, MO Bar No. 63677
3609 SW Pryor Rd.
Lee's Summit, Missouri 64082
mike@elgkc.com

T: 816.600.0117