IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AUSTIN TWEEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-00315-CV-W-BP |
| | ) |
| SO HOSPITALITY GROUP, LLC., | ) |
| | ) |
| Defendant. | ) |

## ORDER (1) DISMISSING CASE WITHOUT PREJUDICE AND (2) TOLLING THE STATUTE OF LIMITATIONS

On December 16, 2022, the Court issued an Order granting Defendant's Motion to Compel Arbitration. (Doc. 48.) The Order also stayed the case, directed Plaintiff to initiate arbitration proceedings within ninety days, and directed the parties to file Joint Status Reports every ninety days.

In March 2023, the parties filed a Joint Status Report indicating they were working on a settlement. (Doc. 50.) In April 2023, the Court participated in a telephone conference with the parties, (*see* Doc. 52), during which they again represented they were working on a resolution for the case. The Court directed the parties to file a Joint Status Report on the earlier of (1) the commencement of arbitration, (2) a resolution of the case, or (3) ninety days. (Doc. 53.) Ninety days later, the parties filed another Joint Status Report that seemed similar to the ones previously filed, except that it reported Defense Counsel had been ill. (Doc. 54.) The Court directed the parties to file another Joint Status Report by August 28, 2023. (Doc. 55.)

On August 28, the parties' Joint Status Report indicated they were still working to resolve the matter. (Doc. 56.) The Court directed the parties to file a Joint Status Report by October 11 and set a telephone conference for October 26. This time, the parties' Joint Status Report represented the parties had "agreed in principle to resolve this matter through ADR," (Doc. 58),

and during the telephone conference on October 26 the parties represented they would be prepared to dismiss the case within approximately a month. The Court then set December 18 as the deadline for filing the Stipulation of Dismissal, set a telephone conference for December 20, 2023, and provided that the telephone conference would be canceled if the Stipulation of Dismissal was filed.

The Stipulation of Dismissal was not filed on December 18. On December 19, the Court informally contacted the parties and advised it was inclined to dismiss the case and cancel the telephone conference and gave them a deadline for commenting on the Court's proposal. The parties responded and indicated they would be prepared to dismiss the case by December 26. The Court informally communicated its approval and canceled the telephone conference but warned that the Court would dismiss the case if the parties did not.

The parties have not filed dismissal paperwork, but it is clear that the parties have resolved the matter. Accordingly, the Court exercises its discretion to dismiss the case without prejudice. *E.g.*, *Sommerfeld v. Adesta, LLC*, 2 F.4th 758, 762 (8th Cir. 2021). To protect the interests of Plaintiff and those who have opted in,[1] the Court directs that the statute of limitations for those individuals shall be tolled through the date of this Order.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
**DATE**: January 2, 2024            UNITED STATES DISTRICT COURT

---

[1] Those opting in are: Jordan Thrash, Kiersten Harner, Megan Bryde, Alexander Hollingsworth, Miranda Nolte, Brianna Tucker, Chris Estrada, Paige Lewis, and Stephanie Wyatt. (*See* Docs. 32-33, 35-40, 44.)